IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| **Piedra Mala Contracting, LLC** § | | |
| § | | **Case No. 23-51662** |
| **Debtor** § | | **SubChapter V** |

**APPLICATION TO EMPLOY PAUL RANDLES
AS THE FINANCIAL ADVISOR TO THE DEBTOR**

*******************************************************************************
**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
*******************************************************************************

Piedra Mala Contracting, LLC, the debtor and debtor in possession (the "***Debtor***" or "***Piedra Mala***") in the above-captioned Chapter 11 case (the "***Case***") hereby files this *Application to Employ Paul Randles as the Financial Advisor to the Debtor* (the "Application"). In support of the Application, the Debtor relies upon the Declaration of Paul Randles in Support of Application to Employ Paul Randles as the Financial Advisor to the Debtor (the "Randles Declaration") attached hereto as Exhibit A. The debtor presents the Application and respectfully represents the following:

**JURISDICTION, VENUE, AND BACKGROUND**

1.  This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

2.  The statutory predicates for the relief requested herein are Sections 105(a), 363(b), 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

3.  On December 1, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Subchapter V of Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4.  Debtor continues to manage and operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

5.  Attached hereto is the proposed order on the Application.

6.  The Debtor is a heavy civil soil stabilization and land development contractor that performs general to specialized soil stabilization, farm and ranch development, industrial pad development, and oil and gas services. Over the past few years, Piedra Mala has acquired multiple, large-scale pieces of construction equipment and took out loans with multiple lenders to secure the equipment. When the COVID-19 pandemic struck, Piedras sought a $500,000 loan from the Small Business Administration to maintain operations. Debtor also has a secured line of credit with Texas Partners Bank secured by a blanket lien over all of Debtor cash, tangible and intangible property. As Debtor's operations expanded externally, it struggled to equip itself with the niche staff needed to account for the growth operationally and with respect to Debtor's accounting and bookkeeping. Upon close review of its finances, Debtor became aware that its bookkeepers improperly managed Piedras's revenue, and possibly embezzled funds. As a result of Covid, lack of employees, and bookkeeping issues, Piedra Mala currently does not have the funds necessary to service all of its secured debt.

7.  As Debtor rebuilds in this bankruptcy case, it will need expert financial advice to help navigate the restructuring waters. Debtor has been working with Paul Randles ("Mr.

2

Randles"), a CPA with extensive experience in financial leadership within the middle market and strategic planning areas, and believes Mr. Randles is well suited to provide such financial advice.

## RELIEF REQUESTED

8. By this Application, pursuant to sections §§ 363(b), 327(a) and 328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Debtor seeks to employ Mr. Randles as Financial Advisor to the Debtor in the above-referenced Chapter 11 Case. The contact information for Mr. Randles is:

> Attn: Mr. Paul Randles
> P.O. Box 396
> Kendalia, Texas 78027
> pgrcfo@gmail.com

9. Mr. Randles is well suited to be the Financial Advisor to the Debtor, which will enable the Debtor to effectively and fully execute duties as debtor-in-possession. Mr. Randles has experience in providing financial advisory services to debtors in Chapter 11 bankruptcy cases. The Debtor believes that Mr. Randles is well qualified to provide advice to Debtor on many financial issues involved in the Chapter 11 Case based on his experience and capabilities.

10. The Debtor presently contemplates that the professional services to be provided to the Debtor and the estate by Mr. Randles will include, without limitation, the following:

   a. Assist the Client and its counsel with general matters related to a restructuring and contemplated chapter 11 proceeding, including but not limited to case strategy development, data gathering, financial analysis, and first day motion preparation, as needed;
   b. Assist the Client with bankruptcy required reporting, including Monthly Operating Reports (MOR);
   c. Assist the Client and counsel, as requested, to complete Initial Debtor Interview questionnaire and related information, complete and file the required Schedules of Assets and Liabilities and Statement of Financial affairs, and prepare for §341 meeting of creditors;
   d. Assist the Client and its counsel to obtain court approval for debtor-in-possession financing, if needed;
   e. Assist the Client to develop and maintain thirteen-week cash forecasts and any budget-to-actual reporting or other reporting as may be required by potential debtor-in-possession financing;

  f. Support the development of the Plan of Reorganization development, including financial projections, liquidation analysis, claims analysis and reconciliation, and other analysis, as needed; and

  g. Other services as may be agreed upon between Randles and Client.

11. It is necessary that the Debtor employ a Financial Advisor to render the foregoing professional services.

12. Mr. Randles has stated his desire and willingness to act as Financial Advisor and render the necessary professional services.

## CONNECTIONS AND LACK OF CONFLICTS

### A. CONNECTIONS WITH THE DEBTOR

13. In preparation of this Application, the Debtor reviewed the Randles Declaration. Based on this information, the Debtor is unaware of any circumstances where Mr. Randles has a current connection with the Debtor that would disqualify Mr. Randles from providing financial advisory services to the Debtor in the Case. To the best of the Debtor's knowledge and belief, Mr. Randles has no relationship that presently causes a disqualification, an actual conflict of interest, or otherwise renders Mr. Randles ineligible to serve as Financial Advisor to the Debtor. Accordingly, the Debtor believes Mr. Randle's engagement to provide financial advisory services to the Debtor in this Case is permissible under the Bankruptcy Code and is in the best interest of the estates and all parties in interest.

### B. CONNECTIONS WITH CREDITORS AND OTHER PARTIES IN INTEREST

14. Based on the information contained in the Randles Declaration, the Debtor is unaware of any circumstances where Mr. Randles has a connection with the Debtor's creditors and/or other parties in interest in these Cases that would disqualify Mr. Randles from providing financial advisory services to the Debtor in this Case.

15. Mr. Randles will conduct an ongoing review of his files to assure that no actual conflict or other disqualifying circumstances exist. If any new facts or relationships are discovered, Mr. Randles will supplement the Randles Declaration accordingly.

16. Mr. Randles providing financial advisory services to the Debtor in this case does not hold or represent an interest adverse to the estates and Mr. Randles is a disinterested person under 11 U.S.C. § 101(14).

**COMPENSATION TERMS**

17. Mr. Randles has agreed to provide the financial advisory services as described herein. For this matter, the Financial Advisor services will be provided by Paul Randles, Managing Director, at a rate of $200.00 per hour. Additional resources may be added as needed, with advance consent by Debtor.

18. In addition to the foregoing fees, the Debtor will also reimburse Mr. Randles for reasonable out-of-pocket expenses. The expenses charged to the Debtor may include, among other things, photocopying, courier fees, postage, travel expenses and such other out-of-pocket costs that may be reasonably necessary in the rendition of financial advisory services. Mr. Randles will charge the estates for expenses in a manner and at rates consistent with charges made generally to Mr. Randles' other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

19. Payments to Mr. Randles shall be subject to the terms, conditions, and limitations regarding such compensation set forth in the Debtor's cash collateral order and approved cash collateral budgets or as otherwise provided by order of the Court or a confirmed plan.

20. Mr. Randles' compliance with the requirements of §§ 327, 328, 330, and 504 of the Bankruptcy Code, and Bankruptcy Rule 2014 are set forth in detail in the Randles Declaration.

21. No previous application for the relief sought herein has been made to this or any other court. The Debtor has not sought to employ any other financial advisor for representation in the Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order approving the Application to Employ Paul Randles, as the Financial Advisor to Debtor, authorizing the employment of the Paul Randles, effective as of December 1, 2023, as set forth above and granting such other relief as is just and proper.

Dated: December 27, 2023

Respectfully Submitted,

THE SMEBERG LAW FIRM, PLLC

By: /s/ *Ronald J. Smeberg*

RONALD J. SMEBERG
State Bar No. 24033967
THE SMEBERG LAW FIRM, PLLC
4 Imperial Oaks
San Antonio, TX 78248
210-695-6684 (Tel)
210-598-7357 (Fax)
ron@smeberg.com
ATTORNEY FOR DEBTOR